UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARDO JOSE FIELDS,

    Plaintiff,

v.

Case No. 10-10079

Honorable Patrick J. Duggan

RAINBOW REHABILITATION CENTER,
INC., JULIE WIGAND, and TIFFANY
ALEXANDER,

    Defendants.
_____/

### OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE HLUCHANIUK'S NOVEMBER 30, 2010 ORDER AND CORRECTED VERSIONS OF THAT OBJECTION (DOCS. 66, 70, 71) AND (2) DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OBJECTION (DOC. 77)

On January 8, 2010, Plaintiff filed this pro se civil rights action against Defendants. Defendants thereafter served Plaintiff with discovery requests that Plaintiff failed to timely answer in full. Defendants therefore filed a motion to compel, which this Court referred to Magistrate Judge Michael Hluchaniuk for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).

At a hearing on November 10, 2010, Magistrate Judge Hluchaniuk granted in part and denied in part Defendants' motion to compel. Magistrate Judge Hluchaniuk indicated at the motion hearing that he would be entering a written order setting forth his oral ruling. A written order was entered on November 30, 2010. In his written order,

Magistrate Judge Hluchaniuk advises the parties that they may object to and seek review of the order, "but are required to file any objections within 14 days of service . . ." (Doc. 64 at 3.)  Plaintiff filed an objection to the magistrate judge's decision on December 14, 2010.  Plaintiff filed corrected versions on December 29, 2010, in order to change incorrect dates set forth in his first objection.  Defendants filed a motion to strike Plaintiff's objection on January 8, 2011, arguing that the objection was untimely filed.  For the reasons that follow, the Court denies Defendants' motion to strike Plaintiff's objection and denies Plaintiff's objection to Magistrate Judge Hluchaniuk's November 30, 2010 order and the corrected versions to that objection.

A party may object to a magistrate judge's non-dispositive orders.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's decision must be affirmed unless the objecting party demonstrates that the decision is "clearly erroneous" or "contrary to law." *Id*.  A district court may not reverse a magistrate judge's ruling on a non-dispositive matter simply because the court would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511 (1985). Instead, the court may reverse only "'. . . when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id*. at 573, 105 S. Ct. at 1511 (quoting *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395, 68 S. Ct. 525, 542 (1948)). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *SEC v. McKnight*, No. 08-11887, 2009 WL 1107675, at *1 (E.D. Mich. Apr.

22, 2009) (quoting, *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

As an initial matter, the Court cannot understand why Defendants' believe Plaintiff's objection is untimely. Magistrate Judge Hluchaniuk issued his written decision on November 30, 2010, in which he indicated that the parties had fourteen days to file any objections. Plaintiff filed his objection on the fourteenth day. Plaintiff did not attempt to add further objections in his subsequent filings, but only sought to correct dates set forth in his initial filing. The Court therefore rejects Defendants' request to strike Plaintiff's objection based on untimeliness.

Nevertheless, Plaintiff's objection fails to set forth a basis to conclude that Magistrate Judge Hluchaniuk's decision was clearly erroneous or contrary to law. Plaintiff only argues in his objection that he "has provided all documents requested that were in his possession, custody or control 'on or before December 1, 2010.'" (Doc. 66 at 4.) Magistrate Judge Hluchaniuk simply ordered Plaintiff to produce all documents before December 1, 2010, and directed that any documents not produced before that date could not be used by Plaintiff at trial or otherwise "unless Plaintiff can demonstrate that he could not have found such documents through the exercise of due diligence." (Doc. 64 at 2.)

Accordingly,

**IT IS ORDERED**, that Defendants' motion to strike Plaintiff's objection is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's objection to Magistrate Judge Hluchaniuk's November 30, 2010 order and his corrected versions of that objection (Docs. 66, 70, 71) are **DENIED**.

DATE: January 25, 2011                    s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Leonardo Jose Fields
4842 Washtenaw Ave. #C-4
Ann Arbor, MI 48108

Gregory Meihn, Esq.