UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARDO JOSE FIELDS,                Case No. 10-10079

       Plaintiff,                                Patrick J. Duggan
vs.                                                        United States District Judge

RAINBOW REHABILITATION              Michael Hluchaniuk
CENTER, *et al.*,                              United States Magistrate Judge

       Defendants.
_____/

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS/MOTION FOR SANCTIONS (Dkt. 41)**

## I.    PROCEDURAL HISTORY

On January 8, 2010, plaintiff filed a complaint against defendants arising from defendants' alleged failure to accommodate his schedule for religious observation. (Dkt. 1). Plaintiff filed an amended complaint on January 12, 2010. (Dkt. 5). Defendants filed a motion to dismiss for plaintiff's failure to cooperate with discovery, along with several other discovery motions. (Dkt. 31, 32, 34, 35, 41). Defendants filed an amended motion to dismiss on September 17, 2010. (Dkt. 42). These motions were referred to the undersigned by District Judge Patrick J. Duggan. (Dkt. 33, 36, 43). Pursuant to notice, the Court held a hearing on these motions on November 10, 2010. (Dkt. 54, 55).

On November 30, 2010, the Court entered an order granting in part the

motion to compel (Dkt. 31); denying the motion regarding the requests to admit (Dkt. 32); granting in part the motion to compel (Dkt. 34); granting in part motion to compel (Dkt. 35); and holding the motion to dismiss (Dkt. 41) in abeyance. (Dkt. 64). In that Order (Dkt. 64), the Court ordered plaintiff to serve defendants his written response and any supplementation to defendants' first set of requests for production of documents by December 1, 2010. And, if plaintiff failed to serve his responses or failed to provide all documents requested that are in his possession, custody or control by December 1, 2010, the Court ordered that plaintiff will not be permitted to use such documents at trial or otherwise unless he could demonstrate that he could not have found the documents through the exercise of due diligence. (Dkt. 64). Plaintiff was also ordered to supplement his responses to Interrogatory Nos. 2, 3, 6, 7 and 9 by December 10, 2010. If plaintiff failed to properly supplement, the Court ordered that plaintiff will be prohibited from offering any evidence that would be relevant to the subject matter of the question presented. With regard to Interrogatory No. 10, plaintiff was ordered to respond to that discovery request by December 1, 2010. If plaintiff failed to properly and completely respond to the discovery request, plaintiff would not be able to use such documents or exhibits responsive to the request unless he is able to show that through the exercise of due diligence that he could not have produced such document or exhibit at that time. (Dkt. 64).

The Court also ordered that defendants' motion to dismiss be held in abeyance until the December 10, 2010 deposition of plaintiff was completed. The Court permitted the parties to supplement their briefs pertaining to the motion to dismiss by December 21, 2010. (Dkt. 64). Plaintiff did not file a supplemental brief. Defendants did so on December 21, 2010. (Dkt. 67).

## II. PARTIES' ARGUMENTS

Defendants initially moved to dismiss under Rule 37, as a sanction for plaintiff's purported failure to participate in any meaningful discovery in this matter. (Dkt. 41, 42). The primary basis for defendants' motion was that plaintiff had unilaterally cancelled his deposition on three occasions and then plaintiff's refusal to answer questions when his deposition finally occurred. In addition, plaintiff's responses to written discovery were inadequate, untimely, and incomplete. *Id.*

In response, plaintiff explained that, based on Rule 26, he believed that his discovery responses were due by the discovery deadline set forth in the Court's scheduling order. Once he read defendants' motions, he realized that he had been operating under the incorrect rule and set about to answer the written discovery immediately. (Dkt. 58). Plaintiff also asserts that the first notice of deposition was scheduled on a day (Tuesday) which is a religious observance day for him, as set forth in the Complaint. Plaintiff asserts that there was also some confusion around

the second date, for which he says he did not receive a written notice. According to plaintiff, defendants cancelled the third scheduled deposition date and the fourth did not go forward because of the parties' disagreement about whether a corporate representative could be present on behalf of defendant.

In reply, defendants point out that plaintiff still had not corrected the deficiencies in his written discovery, despite those deficiencies being pointed out in the motion. (Dkt. 60). In addition, defendants point out that plaintiff was told about the federal court rule permitting a corporate representative to be present during the deposition and that plaintiff refused to go forward if such a person were present. (Dkt. 60, Ex. 5: affidavit of Court Reporter and transcript). Defendants also assert that plaintiff is not so ignorant of the rules as he claims and has an obligation to make himself aware of the deadlines and rules applicable in this case.

According to defendants' supplemental brief, the issues with the inadequacies of plaintiff's written discovery responses were largely resolved. (Dkt. 67). However, plaintiff identified an employee manual that he intends to rely on in support of his claims, but has not yet produced it. In addition, plaintiff apparently could not provide any evidence pertaining to his obligation to mitigate damages, i.e., his search for a new job. He had retained no copies of any applications he had submitted online through the Michigan Works website and all information had been purged by the Michigan Works website as part of its routine

purging. Plaintiff apparently made no effort to retain this information, even though he was able to do so. (Dkt. 67, p. 5). In the view of the defendants, plaintiff's failure to produce this information constitutes a "continued" violation of the Court's earlier order and plaintiff knew or should have known that this information should be retained. Defendants ask again for a dismissal of plaintiff's complaint as a sanction, or in the alternative, they request that plaintiff be sanctioned $5000, that plaintiff be prevented from providing any documentation or testimony regarding any attempts to find a job after his termination in January, 2009, and that the jury be given a special instruction regarding plaintiff's spoliation of evidence relating to his job search. (Dkt. 67, pp. 8-9) (Defendants proposed the following jury instruction: "Plaintiff destroyed certain documents relating to his application for jobs and that the jury shall infer that the documents destroyed by Plaintiff would have been beneficial to Defendants' position that Plaintiff failed to take reasonable action to find employment.").

### III.   ANALYSIS AND CONCLUSION

In *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), the Sixth Circuit observed that the factors considered for dismissal under either Rule 37(b)(2) or Rule 41(b) are the same:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

>dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

"Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* In *Reyes*, the Court also held that a party seeking to avoid the sanction of dismissal "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *Id.*, citing, *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

Here, with respect to defendants' request for dismissal as sanction, the undersigned concludes that imposing such a sanction would be an abuse of discretion, given that no warning from the Court was given to plaintiff regarding the potential for dismissal if he failed to cooperate in discovery. As noted in *Harris*, 844 F.2d at 1256, the Sixth Circuit has "frequently reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parts on notice that further noncompliance would result in dismissal." No such order putting plaintiff on notice is contained in this record. Defendants' argument that their counsel's

warnings are sufficient does not find any support in the case law and defendants offer no authority for this proposition.

As to attorney fees or other additional sanctions, the undersigned is not inclined, in the exercise of discretion, to award them at this time. *Grizzly Auto Transport v. Tran Tech, Inc.*, 2009 WL 1803210, *4 (E.D. Mich. 2009) (The award of sanctions under Rule 37, including attorney fees, is discretionary), citing, *Doe v. Lexington-Fayette Urban Co. Gov't*, 407 F.3d 755 (6th Cir. 2005). While plaintiff was not entirely cooperative and was certainly not without fault, this has not been a case of serial discovery violations and motions. Rather, all of the discovery issues were essentially addressed at one time and most were resolved after a single hearing and the issuance of a single order. While plaintiff is expected to follow the procedural rules governing this litigation, given plaintiff's *pro se* status, some lenience is appropriate.

Further, the undersigned does not share defendants' view that plaintiff's actions constitute a "continual" violation of the Court's earlier order, at least not in the same respect as defendants. Defendants apparently view plaintiff's choice to not to produce certain documents as a "continual" violation that should be continually punished by the Court with new and different sanctions. However, in the November 30, 2010 Order, the Court made it clear that plaintiff would not be permitted to use any documents or evidence not disclosed to defendants in

accordance with that Order. In a sense, plaintiff's punishment is continual. That is, unless he can show good cause as to why any documents or evidence were not produced to defendants in accordance with the November 30, 2010 Order, he is not permitted to use them to support his claims. That sanction remains in place and the undersigned sees no reason to further sanction plaintiff based on his choice to limit himself to the documents and evidence that he timely produced in accordance with the November 30, 2010 Order.

Finally, defendants request a limiting instruction based on plaintiff's alleged spoliation of evidence pertaining to obligation to mitigate damages. In the view of the undersigned, this issue is best left for the trial judge to decide in the context of a motion *in limine*, rather than addressed at the discovery stage of the proceedings.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **DENIED**, and that no further sanctions be imposed on plaintiff at this time.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 13, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

9

Report and Recommendation
Motion to Dismiss/Sanctions
*Fields v. Rainbow Rehab.*; Case No. 10-10079

## **CERTIFICATE OF SERVICE**

      I certify that on April 13, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Gregory M. Meihn, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Leonardo Jose Fields, 4842 Washtenaw Avenue, C-4, Ann Arbor, MI 48108

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov